**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02542-REB-GPG

JULIE MILLS, D.O.,

    Plaintiff,

v.

COLORADO WEST HEALTHCARE SYSTEM,

    Defendant.

## ORDER GRANTING MOTION TO STAY DEADLINES & CONTINUE TRIAL

**Blackburn, J.**

    This matter is before me on the **Joint Motion for Stay of Scheduling Order Deadlines and Continuance of Trial** [#34][1] filed February 12, 2015. I grant the motion.

    This case is set for trial beginning April 6, 2015. The parties have agreed to engage in mediation which is scheduled for March 12, 2015. The parties seek to postpone the filing of the defendant's reply in support of its motion for summary judgment until two weeks after the mediation date. Given these circumstances, the parties seek also a stay of certain deadlines and a continuance of the trial.

    The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230

---

[1] "[#34]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(10th Cir. 1999) (citing **U.S. v. West**, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).  The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).

Although the parties do not address the **West** factors in their motion[2], these factors augur toward a continuance of the trial and extension of various deadlines in an effort to encourage mediation of this dispute.  The deadlines at issue directly affect final trial preparation.  In light of a possible resolution of this case in mediation, it would not be efficient for the parties also to prepare for a trial which may not be necessary.  In addition, the court notes that the trial of the above-captioned case conflicts with the trial setting of a criminal case on the court's calendar, which criminal case has priority on the calendar and almost certainly will proceed to trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Joint Motion for Stay of Scheduling Order Deadlines and Continuance of Trial** [#34] filed February 12, 2015, is **GRANTED**;

2. That the combined Final Pretrial Conference and Trial Preparation Conference set March 20, 2015, and the trial set to commence April 6, 2015, are **VACATED** and **CONTINUED** pending further order;

---

[2] REB Civil Practice Standard II.F.2 provides that all motions to continue will be determined using the **West** factors.

3.  That counsel **SHALL CONTACT** the court's administrative assistant **at (303) 335-2350** on **March 16, 2015, at 10:00 a.m.** (MDT), to reschedule the combined Final Pretrial Conference and Trial Preparation Conference as well as the trial;

4.  That when re-set, the trial shall be set for seven consecutive trial days, Monday through Thursday, in two consecutive weeks;

5.  That the defendant **SHALL FILE** its reply in support of its motion for summary judgment by March 27, 2015;

6.  That the current deadlines for submission of pretrial disclosures, objections to pretrial disclosures, a proposed final pretrial order, witness and exhibit lists, proposed jury instructions, and trial briefs are **STAYED**;

7.  That the **Trial Preparation Conference Order** [#19] entered January 8, 2014, is **AMENDED** and **SUPPLEMENTED** accordingly; and

8.  That when trial is re-set in this case, a new Trial Preparation Conference Order **SHALL BE ISSUED** setting new deadlines for pretrial submissions by the parties.

Dated February 23, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

3